# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3951 | **DATE** | 8/9/2000 |
| **CASE TITLE** | South/Southwest Association vs. Village of Evergreen Park, IL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 8/16/2000 at 9:45 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for a temporary restraining order [2-1] and for a preliminary injunction [2-2] is denied. Defendant's motion to strike certain allegations in the complaint and motion to stay discovery are granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 10 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING | | |
| RO | courtroom deputy's initials | 00 AUG -9 PM 1:39 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOUTH/SOUTHWEST ASSOCIATION OF REALTORS, INCORPORATED, | )<br>)<br>) No. 00 C 3951 |
| Plaintiff, | )<br>) |
| v. | ) Judge Ruben Castillo<br>)<br>) |
| THE VILLAGE OF EVERGREEN PARK, ILLINOIS, | )<br>)<br>) |
| Defendant. | ) |

DOCKETED
AUG 1 0 2000

## MEMORANDUM OPINION AND ORDER

The South/Southwest Association of Realtors, Inc. ("the Association"), seeks a preliminary injunction against enforcement of Evergreen Park's ordinance against residential solicitation. The Association argues that the ordinance violates realtors' First Amendment commercial speech rights by prohibiting all solicitation of owners and occupants of residential real estate at their residence if the owner or occupant has filed a non-solicitation notice and the realtor has received the notice. After careful scrutiny of the ordinance in light of case precedents, we conclude that the Association is not entitled to a preliminary injunction.

## THE ORDINANCE

Article VI of Evergreen Park's municipal code is entitled "Non-Solicitation." (R. 2, Mot. for Prelim. Inj. Ex. 1, Evergreen Park Municipal Code Article VI ("Ordinance").) Section 16-181 states,

> It shall be unlawful for any person to solicit the owner or occupant of any residential real estate at the residence of the owner or occupant after a non-solicitation notice has been sent by the Village Clerk and received by that person. This is an absolute liability offense.

(Ordinance Art. VI § 16-181.) The Ordinance defines "solicit" as

> any communication with any owner or occupant of residential real estate which is carried out by means of (1) in-person contacts at the real estate; or (2) written material mailed or delivered at the real estate, such as direct mail, leaflets or pamphlets; or (3) telephonic contacts at the real estate; or (4) electronic mail or other communications transmitted through telephone lines such as facsimile transmissions and e-mail.

(Ordinance Art. VI § 16-180(e).)[1] Finally, § 16-182 details the notice procedures: "Upon the request of any owner or occupant of residential real estate, the Village Clerk shall prepare a non-solicitation notice advising that solicitation at a specific residential real estate is prohibited." Section 16-182 provides for notice by certified, return-receipt mail.

## PRELIMINARY INJUNCTION STANDARD

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted). To succeed on its motion the Association must first show a likelihood of success on the merits, irreparable harm if the preliminary injunction is denied, and the inadequacy of its remedies at law. *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999); *Boucher v. School Bd. of the Sch. Dist. of Greenfield*, 134 F.3d 821, 823-24 (7th Cir. 1998). Should the Association make this threshold showing, we must then balance the harm to the Association if the injunction is wrongfully denied against the harm to the Village if it is wrongfully granted, and weigh the public's interest in the matter. *Cooper*, 196 F.3d at 813.

---

[1] Section 16-180 also defines "Occupant," "Owner," "Person," and "Real Estate." These terms, however, bear their common sense meaning and do not need further explication here.

## A. The Likelihood of Success on the Association's First Amendment Claim

To determine the Association's likelihood of success in its quest for invalidation of Evergreen Park's anti-solicitation ordinance, we apply the four-part test enunciated in *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n*, 447 U.S. 557, 566 (1980), for restrictions on commercial speech. We ask (1) whether the speech concerns lawful activity and is not misleading; (2) whether the government's asserted interest is substantial; (3) whether the ordinance directly advances that asserted interest; and (4) whether the ordinance is not more extensive than necessary to serve that interest. *Id.*; *see also Lavey v. City of Two Rivers*, 171 F.3d 1110, 1113-14 (7th Cir. 1999); *Pearson v. Edgar*, 153 F.3d 397, 401 (7th Cir. 1998).

Here, the Association easily satisfies the first two parts of the *Central Hudson* test. There is no question that the restricted speech is protected by the First Amendment because it is lawful, non-misleading commercial speech. *See Lavey*, 171 F.3d at 113 ("[O]nly speech that is truthful and not misleading receives First Amendment protection."). Additionally, Evergreen Park's asserted interest in protecting residential privacy is substantial. *See Pearson*, 153 F.3d at 405 ("[R]esidential privacy is unquestionably a very substantial interest.").

Thus, this case turns on the last two parts of this test, which "examine the fit between the restriction on speech and the government's justification for that restriction." *Id.* at 401. In the context of commercial speech, the Supreme Court requires "a 'fit' between the legislature's ends and the means chosen to accomplish those ends – a fit that is not necessarily perfect, but reasonable." *City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 416 n.12 (1993) (quotation omitted). Consequently, we must determine whether the Association has a "better than negligible chance," *Boucher*, 134 F.3d at 824, of showing that there is not an adequate fit

Page 3

between Evergreen Park's goal of protecting residential privacy and the means it employs to achieve that goal.

The Association asserts an overwhelming likelihood of success on the merits by analogizing the Evergreen Park anti-solicitation ordinance with the ordinance struck down in *Pearson*. That case, however, is materially distinguishable from ours. In *Pearson*, the Seventh Circuit held that an Illinois statute forbidding in-home solicitations by realtors was unconstitutional because there was not a reasonable fit between the speech restriction and the asserted justification of protecting residential privacy. *Pearson*, 153 F.3d at 403-05. The court reasoned that, because the State produced no evidence showing that in-home real estate solicitations are more harmful to privacy than other types of in-home solicitations, the "underinclusive nature of the statute indicates unreasonable fit." *Id.* at 404. The court explained: "[I]f the state were concerned about the intrusion of solicitation on residential privacy, it could have addressed the problem more effectively by allowing homeowners to reject solicitation of any commercial enterprise, not just of real estate agents." *Id.* at 403.

Examination of Evergreen Park's anti-solicitation ordinance demonstrates that the Village followed the *Pearson* court's recommendation and, thus, that its ordinance does not suffer the same infirmity as the statute involved in *Pearson*. Evergreen Park's ordinance bans all in-home solicitation; it does not single out realtors for unfavorable treatment. *Compare* (Ordinance Art. VI § 16-181 ("It shall be unlawful for any person to solicit the owner or occupant of any residential real estate at the residence of the owner or occupant.")), *with Pearson*, 153 F.3d at 399 ("'It shall be unlawful for any person . . . [t]o solicit any owner of residential property to sell or list such residential property.'") (quoting 720 ILCS 590/1-1(d)). Unlike the statute in

Page 4

*Pearson*, Evergreen Park's ordinance does not make an artificial and unjustified distinction between realtors' in-home commercial speech and all other in-home commercial speech. Rather, the ordinance distinguishes between in-home commercial speech and non-in-home commercial speech.

Put this way, it is clear that the Association has little chance of winning its First Amendment challenge to the ordinance. The Supreme Court has repeatedly recognized that "[t]he right to avoid unwelcome speech has special force in the privacy of the home." *Hill v. Colorado*, 120 S. Ct. 2480, 2490 (2000); *see also Cohen v. California*, 403 U.S. 15, 21 (1971) ("[G]overnment may properly act in many situations to prohibit intrusion into the privacy of the home of unwelcome views and ideas which cannot be totally banned from the public dialogue."); *Rowan v. United States Post Office Dep't*, 397 U.S. 728, 736 (1970) ("[T]he right of every person 'to be let alone' must be placed in the scales with the right of others to communicate."); *Rowan*, 397 U.S. at 736-37 ("[A] mailer's right to communicate must stop at the mailbox of an unreceptive addressee."). In fact, in *Rowan*, the Supreme Court upheld a federal statute virtually identical to that at issue here (except that the Village's ordinance accounts for communication technologies that simply did not exist, or were not widely available, in 1970).

At issue in *Rowan* was a federal law "whereby any householder may insulate himself from advertisements," 397 U.S. at 730, by notifying the Postmaster General, who then notified the mailer, that he (the householder) wished to be removed from the mailer's mailing lists. Although the statute purported to prohibit mailing erotic or sexually provocative materials, the Supreme Court recognized that in reality the "power of the householder under the statute is unlimited; he may prohibit the mailing of a dry goods catalogue because he objects to the content

Page 5

– or indeed the text of the language touting the merchandise." *Id.* at 737. Although here the governmental actors are different – a municipality passed the ordinance rather than Congress, and a Village Clerk handles the notice provisions rather than the Postmaster General – the procedures and prohibitions are the same. A householder who wishes to avoid in-home solicitations notifies a government official, who in turn notifies the solicitor (in the American sense of that word), who must remove the householder from its mailing list or face possible sanctions. Here, as in *Rowan*, a governmental body "has erected a wall – or more accurately permits a citizen to erect a wall – that no advertiser may penetrate without his acquiescence." *Id.* at 738.

The only restriction in the anti-solicitation ordinance that gives us pause is the ban on in-person solicitation at a residence. (Ordinance Art. VI § 16-180(e)(1) (defining solicitation as "in-person contacts at the real estate").) In *Martin v. City of Struthers, Oh.*, 319 U.S. 141 (1943), the Supreme Court declared a law prohibiting leafletters from ringing residential doorbells unconstitutional under the First Amendment. Even there, however, the Court condemned the law as "substitut[ing] the judgment of the community for the judgment of the individual householder," *id.* at 144 – an impairment Evergreen Park's ordinance lacks. *See also Rowan*, 397 U.S. at 737 ("In this case the mailer's right to communicate is circumscribed only by an affirmative act of the addressee."); *Pearson*, 153 F.3d at 404 ("*Rowan* involved no governmental distinction between one kind of offensive material and another – all distinctions were made by the homeowner."). Here, as in *Rowan*, the Village has not substituted its judgment about what constitutes a nuisance for that of the resident; rather it provides a procedure for residents to bar in-home contacts they consider annoying.

The means chosen by Evergreen Park to protect the privacy of its residents appears well-suited to meeting that end: it leaves control in the hands of its residents and bars communication only to the extent that a resident requests. Given that a communicator's right to communicate "stops at the outer boundary of every person's domain," *Rowan*, 397 U.S. at 738, the ordinance does not prohibit more speech than necessary to accomplish its goal. Therefore, the Association's likelihood of success on its First Amendment claim is minimal.

**B. Irreparable Harm and Inadequate Legal Remedies**

"The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Although the Supreme Court made this statement in the context of restrictions on core political speech, the epitome of First Amendment values, the principal applies to regulation of commercial speech as well. *See National People's Action v. Village of Wilmette*, 914 F.2d 1008, 1013 (7th Cir. 1990) (affirming preliminary injunction against enforcement of a local ordinance requiring door-to-door solicitors to undergo fingerprinting). Evergreen Park's ordinance deprives solicitors of the ability to solicit unfettered. If the ordinance is unconstitutional, the harm to those solicitors who adhered to its requirements would be irreparable. Likewise, if we wrongly deny an injunction against the ordinance, the Association's members would not have an adequate remedy at law. *See National People's Action*, 914 F.2d at 1013 ("[I]njunctions are especially appropriate in the context of first amendment violations because of the inadequacy of money damages.").

In sum, although the Association can establish irreparable injury and the inadequacy of legal remedies should we mistakenly deny injunctive relief, it has not shown a better than

Page 7

negligible chance of success on the merits of its case. Thus, we deny its motion for preliminary injunction. Because the Association has not satisfied its threshold burden of showing a likelihood of success as well as irreparable injury and inadequate legal remedies, we need not balance the interests of the parties and the public.[2]

## CONCLUSION

We deny the Association's motion for a temporary restraining order, (R. 2-1), and for a preliminary injunction, (R. 2-2).[3] A status hearing will be held in open court on August 16, 2000 at 9:45 a.m. to determine the overall future of this litigation.

Entered:

Judge Ruben Castillo
United States District Court

Date: August 9, 2000

---

[2] Were we to balance the interests, we would conclude that overall those interests weigh slightly in favor of preliminary injunctive relief. The harm to realtors of wrongfully denying an injunction is greater than the harm to the Village of wrongfully granting an injunction in that the ordinance fetters realtors' ability to advertise their business and (presumably) gain more customers, while the Village would lose the ability to protect those residents who don't want to be solicited in their homes. Although protecting its residents' privacy is a substantial interest, in-home solicitations are a minor intrusion on that privacy when compared to potential business losses. The public's interest, however, favors enforcing the anti-solicitation ordinance. The ordinance allows residents to balance the value of their privacy against the value to them of commercial speech, and further it allows them to enforce the result of their decision. Given the Association's strong interest in commercial speech, the Village's lesser interest in protecting some residents against minor intrusions on their privacy, and the public's interest in enforcing the ordinance, we believe the balance of interests slightly favors injunctive relief. But, as discussed in the text, the Association has shown only a negligible likelihood of success on the merits of this case and, thus, we do not reach the balance of interests issue.

[3] Also pending is the Village's motion to strike certain allegations in the complaint and its motion to stay discovery. In view of this opinion, both of these motions are granted.